UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-CR-20055 |
| HEATHER T. KASTL, | ) |
| Defendant. | ) |

## ORDER

Defendant, Heather T. Kastl, has filed a Motion for Early Termination of Supervised Release (#40). The government filed its Response (#41) on August 20, 2025. For the reasons set forth below, Defendant's Motion (#40) is DENIED.

### BACKGROUND

On January 17, 2023, Defendant pled guilty to one count of distribution of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). On October 13, 2023, the court sentenced Defendant to a term of 18 months' imprisonment, to be followed by a 3-year term of supervised release. Defendant was released from the custody of the Bureau of Prisons in July of 2024, such that she has served approximately 13 months of her term of supervised release.

In her Motion—a one-page handwritten letter to the court filed on August 24, 2025—Kastl states that she has "been clean/drug-free for 3 years," has rebuilt familial relationships, and has secured employment. She also notes that she has not "been in any trouble."

In its Response, the government reports that Defendant, while on pretrial release, tested positive for amphetamine and methamphetamine on October 11, 2022, and subsequently admitted to her probation officer that she had used methamphetamine.

## ANALYSIS

A court may, after considering the factors set out in 18 U.S.C. § 3553(a), terminate a term of supervised release any time after one year of supervised release has expired if the court is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. 18 U.S.C. § 3583(e)(1). The burden of demonstrating that early termination is warranted lies with the defendant. *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021).

"[T]he conduct of a defendant necessary to justify early termination should include something more than just following the rules of supervision." See *United States v. Faine*, 2017 WL 3112742, at *5 (C.D. Ill. July 21, 2017). "Mere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination under 18 U.S.C. § 3583(e)." *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018); see also *United States v. Malutan*, 2025 WL 678804, at *2 (N.D. Ind. Mar. 4, 2025) (pointing out that if mere compliance with supervision terms was sufficient, "every defendant who avoided revocation would be eligible for early termination").

The government opposes the early termination of Defendant's supervised release, and relays that the U.S. Probation Office also believes that termination at this juncture would be premature. The government points out that the factual assertions in Defendant's Motion are entirely uncorroborated—and, in the case of her claim of being "drug-free for 3 years," demonstrably untrue. In any event, it contends that any employment and stability Defendant has gained since the commencement of her supervised release term have stemmed at least in part from the ongoing support of the U.S. Probation Office.

The court is not satisfied that early termination of Defendant's term of supervised release is warranted by Defendant's conduct at this time. See 18 U.S.C. § 3583(e)(1). Defendant has failed to meet her burden of demonstrating that early termination is appropriate. See *George*, 534 F. Supp. 3d at 927. Accordingly, Defendant's Motion for Early Termination of Supervised Release (#40) must be denied.

IT IS THEREFORE ORDERED THAT:

Defendant's Motion for Early Termination of Supervised Release (#40) is DENIED.

ENTERED this 8th day of September, 2025.

        s/Colin Stirling Bruce
        COLIN S. BRUCE
        U.S. DISTRICT JUDGE